IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James R. Byrd, # 98230, ) | |
| ) | Civil Action No.: 6:16-cv-03494-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 16, 2016. (ECF No. 8.) The Report addresses Plaintiff James R. Byrd's ("Plaintiff") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 and recommends that the court dismiss the Petition without prejudice and without requiring the Warden of Broad River Correctional Institution ("Defendant") to file a return. (*Id.* at 5.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** the Petition without prejudice and without requiring Defendant to file a return.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 8.) As brief background, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the instant Petition on October 21, 2016. (ECF No. 1.) Prior to filing his Petition, Plaintiff was granted parole on November 26, 2003, however, his parole was revoked on September 14, 2011, after he was arrested for criminal domestic violence ("CDV"). (ECF No. 8 at 1.) In his instant Petition, Plaintiff alleges that his parole was "unlawfully, arbitrarily, and capriciously revoked . . . on the basis of [an] allegation arising out of a criminal domestic violence

1

charge . . . ." (ECF No. 1 at 5.) Based upon three different grounds, Plaintiff maintains that he has suffered numerous constitutional violations under the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* at 5-14.)

The Magistrate Judge filed a Report on November 16, 2016. (ECF No. 8.) First, upon review of a previously filed Petition by Plaintiff, the Magistrate Judge reasoned that Plaintiff's instant Petition "essentially rais[es] the same grounds for a second time." (ECF No. 8 at 3.) Second, the Magistrate Judge determined that, in regard to the first ground, Plaintiff was not entitled to federal habeas relief because he "does not argue that he was denied any due process protections . . . [and] merely alleges that because he was found not guilty of CDV, there was insufficient evidence to revoke his parole." (*Id.* at 4.) Lastly, the Magistrate Judge noted that "deficiencies in post-conviction proceedings are not cognizable under [§] 2254." (*Id.*) Specifically, the Magistrate Judge found that Plaintiff attempted to "restyle [g]rounds two and three[,]" however, they remain state law grounds and foreclose Plaintiff to federal habeas relief. (*Id.* at 4.) The Report ultimately concluded that the Petition should be dismissed without prejudice and without requiring Defendant to file a return. (*Id.*)

The parties were apprised of their opportunity to file objections to the Report on November 16, 2016. (*Id.* at 8.) On December 5, 2016, Plaintiff timely filed his Objection to the Report.[1] (ECF No. 10.) In his Objection, Plaintiff agrees that he "failed to include [a] denial of [a] due process protection." (*Id.* at 2.) Notwithstanding this major concession, Plaintiff submits that he

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Plaintiff's Objection was due by December 5, 2016. (ECF No. 8.) Plaintiff delivered his Objection to prison authorities on December 5, 2016. (ECF Nos. 10-1, 10-2.) Therefore, Plaintiff's Objection is timely under *Houston* because it was filed by December 5, 2016, the date on which it was given to prison authorities. 487 U.S. at 266.

"inadvertently omitted his [c]laim that [Defendant] [failed] to give him 'written notice' of the claimed violation [in regard to parole]." (*Id.*) Plaintiff also alleges that his parole revocation has "no evidentiary support" and resulted in a denial of his due process rights. (*Id.* at 3, 6-9.) Further, Plaintiff contends that "he was denied the right to 'confront and cross examine adverse witness[es].'" (*Id.* at 5.) Defendant did not file an Objection to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997).

3

## III. DISCUSSION

As an initial matter, this is Plaintiff's second Petition before this court. (*Compare* ECF No. 1, *with* Complaint, *Byrd v. Warden of Broad River Corr. Inst.*, No. 6:15-cv-04518-JMC (D.S.C. Nov. 5, 2015), ECF No. 1.) Under 28 U.S.C. § 2244(b)(3)(A): "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Even though this is his second Petition, Plaintiff has not asked the United States Court of Appeals for the Fourth Circuit for permission to bring the instant action. As such, the court lacks jurisdiction to consider Plaintiff's Petition. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2005) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Nevertheless, the court will turn to the three grounds of Plaintiff's Petition if the court were to hypothetically possess jurisdiction. (ECF No. 1 at 5-13.)

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Upon review, the first ground in Plaintiff's instant Petition is exactly the same as the first ground in Plaintiff's prior Petition. (*Compare* ECF No. 1 at 5, *with* Complaint, *Byrd v. Warden of Broad River Corr. Inst.*, No. 6:15-cv-04518-JMC (D.S.C. Nov. 5, 2015), ECF No. 1 at 5.) Therefore, if the court possessed jurisdiction over the instant Petition, the court would dismiss Plaintiff's first ground and would not consider it under 28 U.S.C. § 2244(b)(1).

Plaintiff also presents two additional grounds for his Petition. (ECF No. 1 at 7-13.) Upon review, Plaintiff's instant Petition attempts to camouflage these grounds as constitutional violations, however, they also mirror claims that were in Plaintiff's prior Petition. (*Compare* ECF

No. 1 at 7-13, *with* Complaint, *Byrd v. Warden of Broad River Corr. Inst.*, No. 6:15-cv-04518-JMC (D.S.C. Nov. 5, 2015), ECF No. 1 at 8.) Moreover, even if these claims were framed differently, the court agrees with the Report in regard to these claims being premised upon state law. (ECF No. 8 at 4-5.) Indeed, in regard to the second and third grounds, Plaintiff invokes South Carolina's Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to -160 (2014 & Supp. 2017) and takes issue with findings from a state court. (ECF No. 1 at 9, 12.) As such, if the court possessed jurisdiction over the Petition, it would be precluded from providing federal habeas relief because Plaintiff's claims concern state law questions. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Additionally, even if jurisdiction were present, Plaintiff has not satisfied the requirements to permit the court to review this second Petition. 28 U.S.C. § 2244(b)(2).[2]

### IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 10) and the Report (ECF No. 8) in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). The court **DISMISSES** Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring Defendant to file a return.

---

[2] 28 U.S.C. § 2244(b)(2) states: "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in prior application shall be dismissed unless-- (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 10, 2018
Columbia, South Carolina